Next we have the cross appeals in N. Ray Newman. Donald Reed appearing for appellant cross appellee. And Benjamin Heston appearing for appellee cross appellant. That's an interesting question. So how are we going to argue? Have the two of you discussed how this will be argued? Because we have cross appeals with each of you. Are we going to argue them separately? Are we going to have each of you have a rebuttal time to rebut the question? My thought is that the issues are just so interrelated. All right, so you're willing to go as appellee and not reserve time for rebuttal. Okay. All right, that makes it much easier. So, Mr. Reed, do you wish to reserve time for rebuttal? Yes, Your Honor. Five minutes, please. All right, thank you. You may commence. All right. Good morning. May it please the Court. This is a case where the bankruptcy court applied offensive use of issue preclusion on a strict liability conversion judgment to determine that the debtor had a culpable mental state under 523A4 and a subjective intent to injure the plaintiff under 523A6. In the context of a conversion claim, the parties did not actually litigate and the state court did not necessarily find or decide the debtor's subjective intent. Conversion is the wrongful exercise of dominion over personal property of another. The act must be done knowingly and intentionally, but a wrongful intent is not necessary. It is black-letter law that a strict liability conversion judgment is not per se non-dischargeable. In entering the conversion judgment, the state court found that, quote, defendant Newman acted intentionally and wrongfully in acquiring and retaining Lee's money, end quote. The bankruptcy court relied heavily on this statement and interpreted it as a finding that the debtor had a culpable mental state and a subjective intent to injure the plaintiff. That was error. Again, conversion is the wrongful exercise of dominion over the personal property of another and it requires an intentional act. The state court, by finding that the debtor acted intentionally and wrongfully, was merely reciting the elements of the conversion claim, not the debtor's subjective intent. Moreover, any reasonable doubt about what was decided in the state court as to this finding must be resolved against the application of issue preclusion, especially here where it was used offensively to prohibit the debtor from litigating these issues. In this decision, the bankruptcy court relied on two cases that are an opposite to the case at hand. On the 523A4 claim for defalcation, the bankruptcy court relied heavily on Murphy v. Murphy for the proposition that the identical issue requirement does not mean that it needs to meet or satisfy an element of a particular claim, but rather address whether identical factual allegations are at stake in the two proceedings. The Murphy case is distinguishable for the reasons I set forth in my brief, but very generally that was the application of defensive use of issue preclusion where a son did not oppose a conservatee's application to execute an amended living trust that effectively disinherited them. The son later sued the conservatee for wrongful disinheritance based on the unopposed actions in that probate proceeding, and the California Court of Appeal found that the trial court erred by not applying the defensive use of issue preclusion in favor of the conservatee. Here the court applied offensive use of issue preclusion against the debtor where there was at a minimum a reasonable doubt as to whether the state court found that the debtor had a culpable state of mind under 523A4 or subjective intent to injure the plaintiff under 523A6. So your distinction between offensive and defensive application of issue preclusion is another way of looking at that to apply the rule that the party seeking issue preclusion has the burden and ambiguities are charged against that party? Yeah, absolutely so. And then on the 523A6 claim for willful and malicious injury, the bankruptcy court relied on Ormsby for the proposition that it may determine that the debtor, who had a natural awareness of the economic value of the money he intentionally converted, carried a belief that injury was substantially certain to result from perversion. Again, Ormsby is distinguishable because the totality of the circumstances described in that state court's findings made it clear that the debtor acted with fraudulent intent. Here there was a real dispute as to the terms of Mr. Newman's retainer agreement with Mr. Lee. There was a signed retainer agreement for a 15% contingency fee. There was a language barrier between Mr. Newman and Mr. Lee. There was a translation between Mr. Newman. Well, the company officials were translating and helping the communication between Mr. Newman and Mr. Lee. And Mr. Lee eventually did agree to that 15% retainer fee, but then there were subsequent email communications where Mr. Newman said he would not take the full 15%. Mr. Newman contends that he did so in the context or with the understanding that he was going to negotiate Mr. Lee's medical bills down, and unless he did that, he wouldn't have taken the 15%. Mr. Newman later did that and thought he was entitled to that 15%. And it wasn't until the state court voided that retainer agreement that Mr. Newman was held liable. So I think there very much is a disputed issue material fact as to Mr. Newman's intent here. Even the company's principals mentioned that there was a communication misunderstanding between the two parties. So, and then finally, so I think the Ormsby decision is very much distinguishable. And then finally on the fraud issue, Mr. Newman is, I believe, entitled to summary judgment on the fraud issue and whether there were circumstances indicating fraud. I don't see there being any difference. Again, Mr. Lee sued Mr. Newman for fraud and lost on that very claim. Mr. Newman is entitled to defensive use of issue preclusion to prevent Mr. Lee from re-litigating those claims. If the, if your honors have any questions for me, I'm happy to answer. Otherwise, I would reserve the rest of my time. I do not. Questions? Okay, now we'll let you reserve. Good morning, honors, if it may please the court. I'm Ben Heston. I'm here representing the appellee, Chloe Lee. So the statement of decision was entered after more than a year of litigation and a five-day trial. What appellant is essentially asking is that we take this 14-page statement of decision and take the facts from it and disregard. And then when we get to the legal analysis, essentially just disregard most of it and look at just the bottom line findings. There, the court held that the plaintiff did not meet his burden of proof on fraud and entered judgment in favor of defendant. And on conversion, the court entered judgment against the defendant appellant. Appellant argues that since the state court found that he did not commit fraud, that he is essentially absolved of bad faith conduct that's required under the 523 claims. And the state court did not say that he did not commit fraud. What the state court said is that the plaintiff failed to meet the burden of proof for fraud. And we can only guess as to the reasoning that the court arrived at that decision because they don't elaborate on it. Unfortunately, that portion of the statement of decision doesn't really have any facts. But hypothetically, if we – and this doesn't really matter too much because we didn't bring any 523A2 claims. And I think if we did, I don't think that he would survive a motion to dismiss. Appellant argues that since strict liability is a – or conversion is a strict liability tort, that it is – it cannot serve as the basis for a 523 action by way of summary judgment. And I think that if this was a default judgment or check-the-box judgment or product of evidentiary sanctions, I think he might be close to correct. But again, this was a five-day trial, very contentious, and the state court issued a 14-page statement of decision, which clearly outlies more than just the bottom-line finding. Some of the facts there that I think are important, which Mr. Reed did cover some of this, but Mr. Lee – and do I need to clear up who Mr. Lee is because he is not the appellee? You don't, counsel. I think we appreciate that Mr. Lee was the individual who contracted Mr. Newman through arms for the services, and he didn't speak English very fluently. It's a suggestion of death. Right, and he's no longer with us. But what I'm struggling with here is the difference between the requirements for application of collateral estoppel issue per collusion under state law, and that is the issue was necessarily decided. That's one of the elements, and this was done by summary judgment in the adversary proceeding. It wasn't done as a trial, right? Am I right so far? Right. I'm sorry, I can't hear you. I'm sorry, correct, yes. Okay, and so what I'm struggling with is the part that this case went up on appeal, and that we have the court of appeals decision as part of the record here. And in the court of appeals decision, it says what the elements of conversion are, and then it says that the foundation of the action rests neither in the knowledge or intent of the defendant. And therefore, it says defendant's good faith, lack of knowledge, and motive are immaterial. So help me understand how the findings that were made by the state court judge on the conversion claim, which you have to have in order to get to these other 523 actions, and that is that it was wrongful and it was intentional. If this court of appeals decision says those are not necessary for the determination, how does the bankruptcy court apply those findings unless they are necessary for the determination? Well, I think necessary for the determination, I think that should be used to read between the lines. So again, going back to if this was a default judgment or check the box and just says liable for conversion, then we would have to read between the lines. But here, not only did – Mr. Newman was defending against a fraud claim, so he had ample opportunity to argue that he didn't have any culpable mind state, but we don't need – But he apparently successfully did, right? Right. But what I'm saying is that the court had everything it needed to in order to determine whether or not – I think it's a little dangerous to say that on a preclusion theory we can read between the lines. We have to take quite literally what the court did, and we really can't expand that much or detract much from it. And the question – the exact question that Judge Gann asked is if the appellate court told us it doesn't matter for the state court what his state of mind was, there's nothing for the trial court and bankruptcy to rely on, is there? I mean, it was – it literally was not necessarily decided. Now, you might have tried it in front of the bankruptcy court, and you might have had the world's greatest cross-examination or whatever and demonstrated what you wanted to. But we're not saying how you can get there based on the record that the bankruptcy court had. Well, I think that what I was saying about necessarily decided and reading between the lines is that we don't need to read between the lines here. The state court said explicitly that it was wrongful and intentional. And the appellate court said it didn't matter. Well, and isn't – I mean, let's tease that out because you do have that pronouncement. But wrongful for purposes of conversion is he didn't have a right to the property, and intentional is he took it. And the bankruptcy, A4 or A6, requires a higher level of intent. It's not enough that it merely be intentional. The Ninth Circuit would have said years ago on your defalcation that that was enough, and they got reversed by the Supreme Court. Not maybe directly, but the case was different. So we do have to have a different state of mind rather than just intent to take and a conclusion that that was wrongful. So here he's saying, I thought I could. Couldn't wrongful just be you were dead wrong in that? And as a result, there's conversion. I think the problem we're having is why does that wrongful and intentional necessarily get you to the intent to injure and the culpable state of mind that Bullock requires in the A4 context? Well, I would argue that when the state court said intentional and wrongful, that they were speaking to his mindset. They had already laid out the elements of conversion and stated that he met all of these elements, and then added to that that it was intentional, that he acted. Was that necessary? I don't think it was necessary. Then we're done. If it wasn't necessary, because, you know, we want to be, issue preclusion is such a good tool, but we want to use it surgically. And if the party below didn't have to argue that, didn't have to really lay themselves out there in that conversion claim and argue something equivalent to the state of mind, there's a problem with issue preclusion, because you're asking that they've been deprived of a real defense, I guess is the best way for me to put it, which may not be a great way. So that's what we're struggling with here. If we reverse and send it back, you still get to go to trial. I mean, we are not ruling that you can never win. We just don't think summary judgment was appropriate, right? And I will say, I don't think it's that tough. I mean, it's not the full trial. You've got everything that was decided below, fully liquidated claim. All you've got to do is have something about a state of mind, which is you don't even have to have anybody else. Just talk to them, and the judge is going to decide up or down whether they buy the argument. Now, you can make it way more complicated. Don't get me wrong, but I don't see it as being a particularly complicated piece of work, which may not be good news for your counterpart here. Well, I wish I had caught your Cimino case earlier, because I think that this dealt with similar issues. And this was a case from late September of last year. I actually just found it a few days ago. But there, you stated that the conversion judgment on its own would not be sufficient for 523. I believe it's 523.84. But you stated the conversion judgment didn't occur in a vacuum and that it was coupled with all these other facts that seem to pretty clearly demonstrate that Mr. Cimino had the culpable mind state. And I think you're right that you can get to conversion. There's certainly case law that suggests that you can get to conversion. Part of your problem here is you've got that fraud judgment that you didn't win. So the state of mind seems that some of the things that might have helped you would have been tried in that fraud piece of the action. You've got, I didn't win there. I did win this. I think ambiguity is charged against you. That's the big problem. He wants to read between the lines. We don't get to do that. It's got to be pretty writ large. Right. Sorry. I would just say that it is explicit, so we don't need to read between the lines. Fair. So onto the issues raised in the cross appeal. Judge Clarkson held that since circumstances indicating fraud was not an element of any of these state court causes of action, that collateral estoppel could not be used for that element. But circumstances indicating fraud is not an element of any California law. And so therefore, if Judge Clarkson's reasoning is correct, then there could never be a summary judgment for embezzlement. Well, not based on what some other court had done. Right. Okay. Sorry. Collateral estoppel. Yeah. And so what I think is important here is that although the court did not find that the plaintiff met the burden of proof for fraud, the circumstances indicating fraud is less than fraud. One court, which has been cited to many times, held that fraud could be categorized as full-blown fraud, whereas circumstances indicating fraud is something lesser. And certainly it doesn't have to be representational, right? I believe so. Yeah. I believe that's what Hall said. I agree. Okay. So once, you know, if it's established that circumstances indicating fraud, the fact that it's not an element of any state court cause of action, once we can establish that that does not prevent collateral estoppel, then we look to the record. And here I believe the record has more than enough to show that there were circumstances indicating fraud, you know, Mr. Newman stated that he wouldn't take 15%, and then that's exactly what he did. Mr. Newman, when he was, you know, when Lee and their mutual employer, Arms, asked for the money back, he didn't engage with them. He quit his job and then started a solo law practice within a week. So I think the circumstances indicating fraud here are clear, and they can be inferred from the record. And I guess my final point, unless you have any more questions on that, would be that this court has the power to do the fact finding that's necessary and direct entry of judgment, and that's exactly what I would ask you to do. Okay. All right. Thank you. Do you wish, any questions? I don't have any other questions. Okay. Thank you. Thank you. Thank you. All right. Counsel, you have, I'm talking to Mr. Reed. Reed. Sorry. Mr. Heston, it's a little bit confusing when you're, because when I look at him, I'm looking at both of you. So I fully admit that the lines of sight are a little bit difficult on this, and I've got Judge Gamm there, too, so who knows who I'm talking to. So anyways, at this point, I believe that Mr. Heston has concluded, and so we're now to Mr. Reed on his rebuttal. Is that correct? Yes. Heston. Yes. I would just address one final point, and that was regarding the circumstances indicating fraud versus fraud. None of the cases that Mr. Heston has cited, and I haven't found any, have concluded that where a party previously loses on a fraud claim can still nonetheless relitigate circumstances indicating fraud in an adversary proceeding. I think the defensive use of issue preclusion should apply in those circumstances. If you can't prove fraud, then you can't prove circumstances indicating fraud. And I'd ask that the panel, if it does remain, to instruct the bankruptcy court to enter summary judgment or apply issue preclusion as to the circumstances indicating fraud as well. So he ruled in your favor, Judge Clarkson did, with regard to the cross appeal. You would just want us to affirm the cross appeal, but reverse on the finding of summary judgment with regard to the other two claims that he found, the A4 and the A6, right? Yes. Okay. Thank you. If your honors have any more questions, I'm happy to answer them. Otherwise, I'd save the rest of my time. Thank you. Thank you for your good arguments, both of you. Thank you. Thank you. Thank you. All right.
judges: Taylor, Lafferty, Gan